**Harry C. Alberts and Lillian S. Alberts, Plaintiffs-Appellants, v. Martin L. Gecht and Francey A. Gecht, Defendants-Appellees.**

**Gen. No. 52,161.**

First District, Fourth Division.

January 31, 1968.

Rehearing denied February 16, 1968.

Harry C. Alberts, pro se, of Chicago, appellant.

Ronald A. Friedland of Levy and Erens, of Chicago, for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiffs appeal from an order quashing an execution and from an order refusing to reconsider their motion to vacate an order of dismissal.

On January 3, 1962, a judgment by confession for $246 for rent was entered against defendants. On February 28, 1962, the judgment was opened and an order entered that "leave be and the same is hereby given defendants to appear and make defense herein, that a trial of this cause be had notwithstanding said judgment, that said judgment stand as security petition to stand as the affidavit of defense and that execution herein be stayed." Thereafter a counterclaim for $200 was filed and on April 28, 1963, an amended statement of claim was filed realleging the confession as Count I and setting out damages to property in the sum of $630 in Count II. Subsequently an amendment to the counterclaim was filed alleging $5,000 damages by reason of rodent and vermin infestation of the rented premises. In 1963 and 1964 judgments by default were entered against defendants and their counter-

claims dismissed. Each time these orders were vacated. On November 2, 1966, the case came up for trial and an order was entered:

> This cause coming on in regular course for trial, the plaintiffs though called in open Court, come not, and fail to prosecute this suit. Wherefore, for want of prosecution of this cause, it is ordered that said plaintiffs be non-suited and that this suit be and it hereby is dismissed out of this Court.
> It is therefore considered by the Court that the defendants have judgment herein as in case of non-suit and that the defendants have and recover of and from the plaintiffs, the costs by the defendants herein expended and that execution issue therefor.

On November 22, 1966, plaintiffs moved to vacate the dismissal order urging that the case was docketed in their attorneys' files as being set for November 12 instead of November 2. The court denied the motion to vacate.

On December 16, 1966, an execution was issued on the confession of judgment of January 3, 1962, and on January 20, 1967, on defendants' motion it was quashed. At the hearing on that day plaintiffs moved the court to reconsider its denial of plaintiffs' prior motion to vacate the dismissal but the court refused to do so. Plaintiffs appeal from these orders.

At the time of the dismissal the judgment by confession for $246 and costs was still in force. (Farmers Bank of North Henderson v. Stenfeldt, 258 Ill App 428.) The petition to open the judgment alleged a $100 credit for failure of plaintiffs to turn over possession to defendants until eight days after the lease commenced. The counterclaim alleged a $120 credit and $80 for damages arising from the withholding of the premises; an amendment to the counterclaim alleged $5,000 damages for rodent and vermin infestation. On plaintiffs' nonappearance defendants could have had an ex parte trial at which it would

have been open to them to attempt to prove (1) either the $100 credit against the judgment or (2) their $200 counterclaim which included the $100 credit or (3) their $5,000 claim for damages. Under these circumstances, the judgment would either have been confirmed, been reduced by $100, or confirmed with judgments in favor of defendants on their counterclaims.

■ The order of dismissal did not vacate the judgment by confession nor did it adjudicate the counterclaims. Thus the dismissal order was not an enforceable or appealable order under section 50(2) of the Civil Practice Act * (Ill Rev Stats 1965, c 110, § 50(2)) and is "subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." The order quashing the execution is not appealable under section 50(2) since the other claims hereinabove mentioned are still pending.

Plaintiffs argued on appeal that since the dismissal order was not enforceable, the trial court could reconsider its order. This is true. However, the order was not appealable either and therefore we can only dismiss the appeal. Any further action in the trial court is the prerogative of plaintiffs.

Appeal dismissed.

McCORMICK, P. J. and ENGLISH, J., concur.

---

* Now Rule 304 of the Illinois Supreme Court Rules.